**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARMELLA JONES, Individually and on Behalf of All Others Similarly Situated, | : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : : | |
| SELECT PORTFOLIO SERVICING, INC. | : : | NO.  08-972 |
| Defendant. | : : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                    April 22, 2008

      Currently pending before the Court is a Motion to Dismiss filed by Defendant Select Portfolio Servicing, Inc. ("SPS") and the Response of Plaintiff Carmella Jones, individually and on behalf of all others similarly situated.  For the following reasons, the Court grants the motion in part and denies it in part.

**I.   FACTUAL AND PROCEDURAL HISTORY**

      According to the Amended Complaint, Defendant SPS is a loan servicing company, based in Salt Lake City, Utah, which specializes in providing, servicing and buying sub-prime mortgages.  (Am. Compl. 2-3.)  In December 1998, Plaintiff Carmella Jones entered into a mortgage loan agreement with EquiCredit Corporation of Pennsylvania to purchase property (the "Property") at 1817 Ginnodo Street, Philadelphia, Pennsylvania 19130.  (Am. Compl. ¶ 2.)  The mortgage note was serviced by SPS, as successor in interest to EquiCredit

Corporation of Pennsylvania.  (Id. ¶ 3.)  SPS agreed to service the mortgage note according to its requirements and provisions.  (Id. ¶ 4.)

In November 2005, Plaintiff sold the Property to a third party.  (Id. ¶ 5.)  Prior to the closing date, she received a statement from SPS concerning the amounts needed for her to pay off her loan.  (Id. ¶ 6.)  The statement included charges for various unknown or improperly identified items, such as advanced loan level fees, interest on advance loan level fees and administrative charges including fax and postage.  (Id. ¶ 7.)  When Plaintiff inquired into these charges, SPS failed to provide an explanation.  (Id. 3, ¶ 8.)  Counsel for Plaintiff then wrote to SPS, in December of 2005, to further question the basis for the aforementioned charges.  (Id. ¶ 9.)  Although SPS responded, its letter failed to adequately clarify the ambiguities.  (Id. ¶ 10.)  In addition, the payoff statement received by Plaintiff and the payoff statement sent to the title company contained conflicting information.  (Id. ¶¶ 11-13.)  To ensure that Plaintiff did not jeopardize the Property's sale to the third party buyer, she paid SPS more than $8,000 to settle the allegedly unauthorized and unjustified charges.  (Id. ¶ 14.)

On November 8, 2007, Plaintiff initiated a putative class action complaint against Defendant SPS in the Court of Common Pleas of Philadelphia County, Pennsylvania, setting forth ten counts.  SPS filed Preliminary Objections on January 14, 2008.  In response, Plaintiff filed an Amended Complaint on February 4, 2008, reducing her claims to four counts:  (1) breach of contract; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 14 U.S.C. § 1692, et seq.; (3) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., as amended; and (4) violation of sections six and sixteen of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2605, 2614, for both statutory remedies and

other equitable relief.  (Id. ¶¶ 49-78.)  The Amended Complaint also asserts that SPS committed these various violations against a class of plaintiffs who entered into written mortgage loan agreements with SPS and/or its predecessors in interest as the mortgagees, from January 1, 1998, to the present.  (Id. ¶ 35.)

Defendant removed the action to federal court on February 25, 2008.  On the same day, Defendant moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## II.  STANDARDS OF REVIEW

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6); see also Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).  The question before the court is not whether the plaintiff will ultimately prevail.  Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).  Rather, the court should only grant a 12(b)(6) motion if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).  When considering such a motion, the court must "accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the nonmoving party."  Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989).  The court, however, will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Nonetheless, the Federal Rules of Civil Procedure require notice pleading, not fact pleading.  To withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." Alson v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (citing Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002)).  "[S]upporting facts should be alleged, but only those necessary to provide the defendant fair notice of the plaintiff's claim and the grounds upon which it rests."  Thomas v. Independence Twp., 463 F.3d 285, 295-96 (3d Cir. 2006) (internal quotations omitted).  "[A] plaintiff will not be thrown out of court on a Rule 12(b)(6) motion for lack of detailed facts."  In re Tower Air, Inc., 416 F.3d 229, 237 (3d Cir. 2005).

Pursuant to Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  FED. R. CIV. P. 12(e).  Rule 12(e) motions, however, "are highly disfavored since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process." A.M. Skier Agency, Inc. v. Creative Risk Svcs., Inc., Civ. A. No. 05-451, 2006 WL 167762, at *12 (M.D. Pa. Jan. 20, 2006) (internal quotations omitted)).  A motion for a more definite statement "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading."  Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 798 (3d Cir. 1967).

### III.  DISCUSSION

    **A.**    <u>Whether the Amended Complaint Complies with Fed. Rule Civ. P. 8(a)(2) and 9(b)</u>

In its first argument, Defendant generally contends that Plaintiff's Amended Complaint contains allegations so vague and ambiguous that it must guess and speculate in order to answer.  Plaintiff responds that the Amended Complaint adequately satisfies the notice pleading standards set forth in the Federal Rules of Civil Procedure.  Upon consideration of the liberal federal pleading standards, the Court finds no grounds for ordering a more specific definite statement.

Rule 8 sets out the general rule for pleadings.  A pleading that sets forth a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Rule 8 "'contemplates the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'"  <u>Bell Atl. Corp., et al. v. William Twombly</u>, 127 S. Ct. 1955, 1965 n.3 (2007) (quoting 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1202, 94-95 (3d ed. 2004)).  To meet the requisite standards, the complaint must "at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff."  <u>Nash v. Shannon</u>, Civ. A. No. 07-160, 2007 WL 1366778, at *2 (M.D. Pa. May 7, 2007).  Each allegation must be simple, concise, and direct.  FED. R. CIV. P. 8(d).  "Pleadings must be construed so as to do justice."  FED. R. CIV. P. 8(e).

Defendant's current attempts to scrutinize the Amended Complaint for an absence of details stands in direct opposition to these standards and demands an unduly stringent degree of specificity.  First, Defendant asserts that the Plaintiff fails to indicate the specific dates of (a) the original mortgage loan agreement; (b) the sale of the property; (c) the date she requested information about her loan from SPS;[1] (d) SPS's response to Plaintiff's counsel's inquiry; (e) Plaintiff's payment of $8,000 to SPS; (f) SPS's violation of the FDCPA by contacting Plaintiff about an alleged debt; (g) SPS's violation of the FCRA by reporting inaccurate information to a credit agency; (h) SPS's violation of RESPA.  (Def's. Br. Supp. Mot. Dismiss 5-7.)  For most of these incidents, however, Plaintiff provided "on or about" dates consisting of a month and year. (Am. Compl. 3, ¶¶ 2, 5, 9, 10.)  Defendant's argument that it is unable to respond to these allegations without more precise dates is disingenuous.  To the extent that SPS needs further information to mount a defense, it will have full access to the liberal discovery process of the Federal Rules of Civil Procedure.

Second, SPS contends that the Amended Complaint fails to attach a copy of all writings referenced in the allegations, identify the dates of these writings or even describe the contents of these writings – a factor which "prevents Defendant SPS from fully understanding and adequately investigating Plaintiff's allegations."  (Def's. Br. Supp. Mot. Dismiss 7.)  In particular, Defendant contends that although Plaintiff references an attached "mortgage note" in

---

1.   Defendant alleges that the Amended Complaint contains conflicting dates as to her inquiries to SPS regarding her loan.  It claims that, in one instance, she references an August 2005 date, while in another instance she attaches a December 5, 2005 letter.  (Def. Mem. Supp. Mot. Dismiss 5.)  A plain reading of the Amended Complaint, however, reveals no such inconsistency.  The August 2005 date appears to be when Plaintiff herself contacted SPS.  (Am. Compl. 3.)  The December 5, 2005 date, on the other hand, is when counsel for Plaintiff wrote to SPS.  (Id. ¶ 9, Ex. C.)

6

paragraphs two to four and Count I, she only attaches the promissory note to the Amended

Complaint.  (Id. at 7.)  Moreover, Defendant complains that although Plaintiff references various

"statements" and "payoff statements" she received from Defendant SPS, she failed to either

attach copies or identify their dates and contents.  As "monthly mortgage statements" and "payoff

statements" sent to borrowers are different documents, Defendant argues that it cannot

understand Plaintiff's allegations that use the terms interchangeably.  (Id. at 7-8.)

Again, Defendants arguments are misplaced.  Rule 8 permits a plaintiff to assert

the existence of an express, written contract either by setting it forth verbatim in the complaint,

by attaching a copy as an exhibit, or by pleading it according to its legal effect.  Pierce v.

Montgomery County Opportunity Bd., 884 F. Supp. 965, 970 (E.D. Pa. 1995) (quoting 5 Wright

and Miller, FEDERAL PRACTICE & PROCEDURE § 1235 (3d ed. 2004)).   A plaintiff is not required

to attach the subject contract to the complaint or plead its terms verbatim in order to state a

claim.  Mayes v. Local 106, Int'l Union of Operating Eng'rs, 739 F. Supp. 744, 748 (N.D.N.Y.

1990).

Plaintiff, in this case, has adequately pled the contract's effect.  Moreover, she has

attached a copy of the promissory note that she signed with SPS.  Although the mortgage note

was not included, Defendant, on notice of the precise loan involved in this litigation, should have

little problem identifying and obtaining a copy of that document.  As to Plaintiff's failure to

attach copies of the payoff statements, such items were appropriately identified in the Amended

Complaint and Defendant can easily seek copies of them in discovery.  Their absence from the

Amended Complaint does not support granting the motion for a more definite statement.

7

Finally, Defendant claims that Plaintiff has failed to aver fraud with particularity as required by Federal Rule of Civil Procedure 9(b).  Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Thus, in order to satisfy Rule 9(b), plaintiffs must "place the defendants on notice of the precise misconduct with which they are charged." Seville Indus. Mach. Corp. v. Southmost Mach., 742 F.2d 786, 791 (3d Cir. 1984).  Plaintiffs may satisfy this requirement by pleading the "date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Id.  "Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation." Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004) (citations omitted).

Defendant concedes that Plaintiff does not state a cause of action for fraud specifically.  It avers, however, that sporadic paragraphs in Count II of the Amended Complaint (the FDCPA count) refer to allegedly fraudulent or deceptive actions or misrepresentations by Defendant.  By its terms, however, the FDCPA, however, makes illegal "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  "Liability under these provisions does not seem to require that the elements of fraud be alleged or proven by the plaintiff." Sullivan v. Equifax, Inc., Civ. A. No. 01-4336, 2002 WL 799856, at *3 (E.D. Pa. 2002).  Moreover, "courts considering the issue have invariably determined the sufficiency of FDCPA pleadings by applying Rule 8 rather than Rule 9(b)." Id.

(collecting cases).  The Amended Complaint does not otherwise rely on any showing of fraud for its claims.[2]

In light of the foregoing, the Court deems the general pleading deficiencies identified by Defendant to be meritless.  As such, we now examine the specifics of each alleged cause of action.

**B.      Whether the Amended Complaint Adequately Sets Forth a Claim for Breach of Contract (Count I)**

In its next argument, Defendant SPS claims that the Amended Complaint fails to establish the essential components of a breach of contract claim.  As noted above, Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  <u>Swierkiewicz</u>, 534 U.S. at 512 (quoting FED. R. CIV. P. 8(a)(2); <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  Under Pennsylvania law, "[t]hree elements are necessary to properly plead a cause of action for breach of contract:  (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages."  <u>Bishop v. GNC Franchising LLC</u>, 403 F. Supp. 2d 411, 416 (W.D. Pa. 2005) (quoting <u>J.F. Walker Co., Inc. v. Excalibur Oil Group</u>, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)), <u>aff'd</u> 248 Fed. Appx. 298 (3d Cir. 2007).  So long as the plaintiff pleads all the requisite elements, a count for breach of contract can stand.  <u>Pierce v. Montgomery County Opportunity Bd., Inc.</u>, 884 F. Supp. 965, 970 (E.D. Pa. 1995).

---

2.   In defending the timeliness of her FDCPA claim in her Response to the Motion to Dismiss, Plaintiff makes a specific assertion of fraud by Defendant.  (Pl. Mem. Supp. Response 10-11.)  As the Court dismisses this claim on other grounds, <u>see</u> <u>infra</u> Part III.C, however, we need not determine whether the pleading was sufficiently specific.

The Amended Complaint, while not artfully pled, adequately satisfies these elements.  First, it alleges that a contract existed between Plaintiff and Defendant and attaches the Promissory Note.  (Am. Compl. 3, ¶ 50.)  Further, it asserts that, contrary to the terms of the Promissory Note, Defendant SPS (1) provided Plaintiff with false and misleading financial statements that both contradicted each other and reflected that Plaintiff owed more money to SPS than due, and (2) when asked to explain the ambiguous line item charges, failed to provide an adequate explanation and/or justification.  (Id. at 3, ¶¶ 51-52, 62.)  Finally, the Amended Complaint states that, in order to ensure that Plaintiff would not lose the opportunity to sell the property at issue to a third party buyer, Plaintiff had to pay Defendant more than $8,000 in unauthorized and unjustified charges.  (Id. ¶¶ 14, 60.)  As noted above, Plaintiff's failure to attach a copy of the mortgage agreement or set forth the precise terms of the contract at issue neither contravenes any mandates of the Federal Rules of Civil Procedure nor deprives Defendant of fair notice of what Plaintiff's claim is and the grounds upon which it rests.  Accordingly, the Court declines to grant the Motion to Dismiss Count I.

C.    **Whether the Amended Complaint Adequately Sets Forth a Claim for Violation of the Fair Debt Collection Practices Act (Count II)**

Count II of the Amended Complaint alleges that,

On numerous occasions, in connection with the collection of debts that were in default when obtained by SPS, SPS has used unfair or unconscionable means to collect or attempt to collect a debt, including, but not limited to collecting amounts (including any interest, fee, charges, loan level advances, or expenses incidental to the principal obligation) not authorized by the agreement creating the debt or permitted by law, in violation of the FDCPA.

(Id. ¶ 76.)  Defendant SPS now argues that the Amended Complaint neither identifies the actions

that constitute the basis for this claim nor alleges that SPS is a "debt collector" as indicated in the

statute.

The FDCPA "provides a remedy for consumers who are subjected to abusive,

deceptive, or unfair trade collection practices by debt collectors."  See Pollice v. Nat'l Tax

Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000).  The Act forbids a "debt collector" to "use any

false, deceptive, or misleading representation or means in connection with the collection of any

debt."  15 U.S.C. § 1692e.  The prohibited practices include, in part, "[t]he false representation of

. . . the character, amount, or legal status of any debt," id. § 1692e(2)(A), "[t]he threat to take any

action that cannot legally be taken or that is not intended to be taken," id. § 1692e(5), "[t]he use

of any false representation or deceptive means to collect or attempt to collect any debt or to

obtain information concerning a consumer," id. § 1692e(10) and "[t]he failure to disclose in the

initial written communication with the consumer . . . that the debt collector is attempting to

collect a debt and that any information obtained will be used for that purpose.  Id. § 1692e(11).

In addition, the FDCPA prohibits a debt collector from using "unfair or unconscionable means to

collect or attempt to collect any debt," including the "collection of any amount (including

interest, fee, charge or expense incidental to the principal obligation) unless such amount is

expressly authorized by the agreement creating the debt or permitted by law."  Id. § 1692f(1).

The FDCPA's provisions, however, generally apply only to "debt collectors."

Pollice, 225 F3d at 403. The FDCPA defines the term "debt collector" as,

> any person who uses any instrumentality of interstate commerce or
> the mails in any business the principal purpose of which is the

11

collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts *owed or due or asserted to be owed or due another*. . . .

15 U.S.C. § 1692a(6) (emphasis added).  It goes on to indicate that the term "debt collector" does

*not* include:

> (A) any officer or employee of a creditor, while, in the name of the creditor, collecting debts for such creditor;

> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts . . . [unless the creditor] uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.
>  * * *
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6); see also Pollice, 225 F.3d at 403 ("Creditors – as opposed to 'debt

collectors' – generally are not subject to the FDCPA."); Aubert v. Am. Gen. Fin., Inc., 137 F.3d

976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business

is not debt collection . . . are not subject to the Act. . . . Because creditors are generally presumed

to restrain their abusive collection practices out of a desire to protect their corporate goodwill,

their debt collection activities are not subject to the Act unless they collect under a name other

than their own.").  Notably, a mortgage servicer – someone who services, but does not own the

debt – is not a "debt collector" under the FDCPA when the mortgage at issue was not already in

default at the time that the mortgage servicing company began servicing the loan.  See, e.g., Conklin v. Purcell, Krug & Haller, Civ. A. No. 05-1726, 2007 WL 404047, at *5 (M.D. Pa. Feb. 1, 2007); Zlupko v. Wash. Mut. Bank, Civ. A. No. 02-1179, 2004 WL 2297400, at *2 n. 2 (E.D. Pa. Oct. 13, 2004); Dawson v. Dovenmuehle Mortgage, Inc., Civ. A. No. 00-6171, 2002 WL 501499, at *5 (E.D. Pa. Apr. 3, 2002).

In the case before the Court, the Amended Complaint states that Defendant SPS is a "financial services company specializing in the acquisition, servicing and resolution of mortgage loans, primarily in the 'subprime' market."  (Am. Compl. ¶ 30.)  Under the prevailing jurisprudence, SPS would not be a "debt collector" unless the loan to Plaintiff was in default at the time it began servicing it.  Although Plaintiff makes the bald legal conclusion that Defendant is a "debt collector," (Id. ¶ 26), she puts forth no allegation that the mortgage at issue was in default at the time SPS started servicing it.  Plaintiff, in fact, suggests that she only contacted SPS for the purposes of obtaining a pay-off statement in connection with her sale of the property, and not with regard to any defaulted payments.  (Id. ¶ 6.)  As Plaintiff now offers no alternative argument under the FDCPA,[3] the Court dismisses this Count of the Amended Complaint.[4]

---

3.  Notably, in connection with her FDCPA claim in Count II of the Amended Complaint, Plaintiff makes a one-time allegation that "Defendant violated the Uniform Trade Practices Act in handling Plaintiffs' mortgage loans and has done so with respect to the claims of the entire Class so as to constitute a general business practice."  (Am. Compl. ¶ 70.)  Like Defendant, this Court can neither ascertain the law to which Plaintiff refers, as there is no Uniform Trade Practices Act in Pennsylvania, nor determine how such a law relates to the FDCPA.

4.  The Court also agrees with Defendant's alternative argument that the FDCPA claim is time barred. The statute of limitations under the FDCPA begins to run one year from the date of the violation.  Agosta v. InoVision, Inc., Civ. A. No. 02-806, 2003 WL 23009357, at *6 (E.D. Pa. Dec. 16, 2003).  Where the case involves alleged violations of § 1692e, based upon letters sent to the consumer, the statute of limitations begins to run on the day a debt collector mails a letter allegedly containing information proscribed by Act.  Id.  (citing Mattson v U.S. West Comms., Inc., 967 F.2d 259 (8th Cir.1992)). The one year limitation period in the FDCPA is jurisdictional and not subject to waiver or tolling.  Id.
     In this case, the date of the latest correspondence – SPS's responsive letter to Plaintiff's counsel –
(continued...)

### D.     Whether the Amended Complaint Sets Forth a Claim for Violation of the Fair Credit Reporting Act (Count III)

Defendant SPS next asserts that the Amended Complaint fails to provide any facts in support of the claimed violation of section 623 of the FCRA.  Section 623 imposes a duty on a furnisher of credit information, as follows:

> Upon notice from a consumer reporting agency that furnished information has been disputed, the furnisher of the information is required to:  (1) investigate the disputed information; (2) review all of the relevant information provided to it by the consumer reporting agency; (3) report the results of its investigation to the agency; and (4) report the results to all other agencies to which the information was originally furnished if an inaccuracy or an incompleteness is discovered.

Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 362 (E.D. Pa. 2001) (citing 15 U.S.C. § 1681s-2(b)(1)(A-D)).  Accordingly, a plaintiff must, at minimum, allege that he or she notified a credit reporting agency of the dispute, the credit reporting agency then notified the furnisher of information and the furnisher of information failed to investigate or rectify the charge. Beisel v. ABN Ambro Mortgage, Inc., Civ. A. No. 07-2219, 2007 WL 2332494, at *1 (E.D. Pa. Aug. 10, 2007); see also Jaramillo, 155 F. Supp. 2d at 363 ("to state a cause of action under 1681s-2(b) requires a pleading that a consumer reporting agency notified a furnisher of a dispute, pursuant to 1681i(a)(2), so as to trigger a duty under section 1681s-2(b).").  "Courts have dismissed complaints when the plaintiffs have failed to allege they first disputed the information

---

4.  (...continued)
was dated January 6, 2006.  (Am. Compl. Ex. D.)  The Amended Complaint sets forth no facts occurring after that time.  Assuming *arguendo* that this was the accrual date of the cause of action, the FDCPA claim was clearly untimely, having been filed in the original complaint on November 8, 2007.

with a credit reporting agency." Id.  Moreover, a private plaintiff may not sue under section 1681s-2(b) unless he alleges that the furnisher of information has indeed received notice from a credit reporting agency.  Mullarkey v. Best Buy Corp., Civ. A No. 07-912, 2007 WL 1816474, at *2 (E.D. Pa. June 21, 2007).

The Amended Complaint alleges broadly that SPS violated section 623 of the FCRA, 15 U.S.C. § 1681s-2.  (Am. Compl. ¶ 28.)  In support of this contention, Plaintiff makes the following factual assertions:

> SPS furnished information about consumers' payment status to consumer reporting agencies when they knew or consciously avoided knowing that the information was inaccurate.
>
> * * *
>
> When consumers, like Plaintiff Jones, informed SPS that they disputed the reported information, SPS did not report the dispute to the consumer reporting agencies.
>
> * * *
>
> On numerous occasions in which SPS has furnished to a consumer reporting agency information that SPS determined was not complete and accurate, SPS has failed to promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that was necessary to make the information provided by SPS to the agency complete and accurate; and SPS thereafter furnished to the agency information that remained incomplete and inaccurate.

(Id. ¶¶ 21, 22, 76.)

Such bare bones assertions simply do not suffice to state a cause of action under the FCRA.  Absent an allegation that Plaintiff herself has suffered an injury under the FCRA, she does not have standing to pursue a claim on behalf of the putative class.  See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 306-07 (3d Cir. 1998).  The

15

Amended Complaint, however, fails to assert (1) that Defendant SPS furnished any information regarding *Plaintiff* to a consumer reporting agency; (2) when and to whom such information was furnished or (3) what furnished information was inaccurate.  More importantly, the Amended Complaint never alleges either that Plaintiff disputed any information to the credit reporting agency, or that SPS received notice of any such dispute.  Despite the liberal pleading rules, Rule 8(a)(2) "still requires a 'showing' rather than a blanket assertion of entitlement to relief."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, n.3 (2007).  The conclusory statements made by Plaintiff in the Amended Complaint cannot be deemed to give fair notice to Defendant of the grounds upon which it rests.  Thus, we dismiss Count III of the Amended Complaint.[5]

## F.   Whether the Amended Complaint Sets Forth a Claim for Violation of the Real Estate Settlement Procedures Act of 1974

Finally, Defendant challenges Plaintiff's claim under Section 6 of RESPA, 12 U.S.C. § 2605.  "The principal purpose of RESPA is to protect home buyers from material nondisclosures in settlement statements and abusive practices in the settlement process."  Cortez v. Keystone Bank, Inc., Civ. A. No. 98-2457, 2000 WL 536666, at *10 (E.D. Pa. May 2, 2000).  RESPA applies both to the actual settlement process and to the "servicing" of any "federally related mortgage loan."  Id. (citing 12 U.S.C. § 2602(1)).  Under RESPA, the servicer of a "federally related mortgage loan," which includes a loan secured by a "subordinate lien," is

---

5.   Defendant argues that Plaintiff's FCRA claim is also time barred under the FCRA's two year statute of limitations, since it was not raised until the February 4, 2008 filing of the Amended Complaint. 15 U.S.C. § 1681p. While the Court need not address this argument, having dismissed the claim on other grounds, we note that Federal Rule of Civil Procedure 15(c) provides in pertinent part that "[a]n [a]mendment of a pleading relates back to the date of the original pleading when ... the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading . . ." FED. R. CIV. P. 15(c)(2).  The FCRA claim purports to arise from the same factual transaction which formed the basis of the original complaint.  Accordingly, assuming the FCRA claim adequately pled a viable cause of action, it would likely relate back to the November 8, 2007, filing date.

required to provide a written response within twenty days of receiving a "qualified written request" for information about the servicing of such a loan unless the action requested is taken within that period.  Id. (citing 12 U.S.C. § 2605(e)(1)).  Further, RESPA requires the servicer to "take corrective action within sixty days of receiving the request or to conduct an investigation and provide the borrower with a written explanation of the reasons for the action and the name and telephone number of an employee of the servicer to whom the borrower can direct any further inquiry on the matter."  Id.  (citing 12 U.S.C. § 2605(e)(2)).  Notably, a Plaintiff must, at a minimum, allege that the breach resulted in actual damages.  Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 383 (D.N.J. 2006).

In the Amended Complaint, Plaintiff specifically alleges that SPS was the mortgage servicer on her loan.  (Am. Compl. 3.)  On or about August 2005, she requested a payoff statement in order to close her loan with SPS.  (Id. at 3, ¶ 6)  When Plaintiff sought an explanation of various line item charges in the statement, SPS allegedly "failed to explain in detail" the basis for the charges.  (Id. ¶¶ 8-10.)  On these facts alone, Plaintiff then asserts, in Count II, that:

> On numerous occasions, in connection with the servicing of mortgage loans and the administration of escrow accounts, SPS has violated the requirements of Section 6 of RESPA, 12 U.S.C. § 2605, specifying [sic] including the failure to timely and adequately acknowledge, investigate and respond to consumers' qualified written requests for information about the servicing of their loans and escrow accounts.

(Id. ¶ 78.)

17

Plaintiff's claim, however, fails in two substantial respects.  First, the Amended Complaint effectively acknowledges that Defendant SPS complied with its obligations under RESPA to timely respond to Plaintiff's written request for information.  (Id. ¶ 10.)  Indeed, the Amended Complaint attaches a copy of SPS's reply letter,[6] which evidences a line by line explanation of the disputed charges, reasons why SPS believed the payoff statement to be correct and a name and telephone number of someone who could provide further assistance to Plaintiff.  (Id. Ex. D.)  In addition, the letter states that SPS had ordered a more recent payoff statement to be faxed to Plaintiff's counsel.  At no point does either the Amended Complaint or Plaintiff's brief in response to Defendant's motion suggest that the response was deficient.  See Elkins v. Ocwen Fed. Sav. Bank, Civ. A No. 06-823, 2006 WL 3147716, at *2 (N.D. Ill. Oct. 27, 2006) (denying RESPA claim where defendant properly and timely responded to plaintiff's qualified written request).  To the extent Plaintiff asserts that Defendant's explanation contravenes the terms of the agreement, her action sounds in breach of contract.

Second, as correctly noted by Defendant, Plaintiff does not properly plead causation and damages to support her RESPA claim.  Although the RESPA count seeks "compensatory damages in excess of $50,000.00, together with costs, statutory damages and other relief . . . ," (Am. Compl. 23), it does not allege any specific damage suffered by Plaintiff "as the result of the alleged RESPA violations and [it does] not allege a causal link between the alleged violations and the alleged damages."  Jones v. ABN AMRO Mortgage Group, Inc., Civ.

---

6.   The Third Circuit has held that a court, in considering a motion to dismiss, can examine documents or exhibits that are attached to and described in the complaint. See Chester County Intermediate Unit v. Penn. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

A. No. 07-4328, 2008 WL 1722295, at *6 n.9 (E.D. Pa. Apr. 10, 2008).  Accordingly, this claim

does not withstand Rule 12(b)(6) scrutiny.

To the extent that the Amended Complaint makes an alternative assertion that

Defendant SPS provided information regarding Plaintiff's overdue payments to a consumer

reporting agency during the sixty day time period, this claim is likewise not sufficiently pled.

Section 2605(e)(3) states:

> During the 60-day period beginning on the date of the servicer's
> receipt from any borrower of a qualified written request relating to
> a dispute regarding the borrower's payments, a servicer may not
> provide information regarding any overdue payment, owed by such
> borrower and relating to such period or qualified written request, to
> any consumer reporting agency

12 U.S.C.A. § 2605(e)(3).  The Amended Complaint makes no allegation that Defendant

reported any information regarding Plaintiff's loan to any consumer reporting agency at any time,

let alone within the requisite sixty day period for a RESPA violation.[7]

In short, Plaintiff has failed to put Defendant on adequate notice of any viable

claim under RESPA.  As such, the Court grants the Motion to Dismiss this count.

**G.    Whether Plaintiff's Claim for Punitive Damages Must Be Dismissed**

---

7.   Plaintiff alleges, in cursory fashion that,

> On numerous occasions in which SPS has furnished to a consumer reporting
> agency information that SPS determined was not complete and accurate, SPS has
> failed to promptly notify the consumer reporting agency of that determination
> and provide to the agency any corrections to that information, or any additional
> information, that was necessary to make the information provided by SPS to the
> agency complete and accurate; and SPS thereafter furnished to the agency
> information that remained incomplete and inaccurate.

(Am. Compl. ¶ 79.)  Again, this paragraph is devoid of any mention of Plaintiff specifically, leaving her without
standing to pursue this claim on behalf of the class.  See In re Prudential Ins. Co., 148 F.3d at 306-07.

19

Defendant further seeks dismissal of Plaintiff's request for punitive damages.

Pennsylvania has adopted § 908(2) of the Restatement (Second) of Torts, which provides in part:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages , the trier of fact can properly consider the character of the defendant's act, the nature and extent of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant.

RESTATEMENT (SECOND) OF TORTS § 908(2) (1979); see also Klein v. Nat. R.R. Passenger Corp., Civ. A. No. 04-995, 2008 WL 879968, at *13 (E.D. Pa. Mar. 31, 2008) (noting that Pennsylvania has adopted the Restatement section 908(2)).  "Pennsylvania law permits the recovery of punitive damages, but only upon a showing of willful, malicious, or wanton disregard for a plaintiff's rights."  Robinson v. Nissho-Iwai Am. Corp., Civ. A. No. 85-6830, 1986 WL 11436, at *2 (E.D. Pa. 1986).  It remains well-established, however, that "[p]unitive damages are not available in connection with a breach of contract claim."  Baney v. Trans Union, LLC, Civ. A. No. 06-2181, 2007 WL 1098523, at *4 (M.D. Pa. Apr. 10, 2007) (citing Baker v. Penn. Nat. Mut. Cas. Ins. Co., 536 A.2d 1357, 1361 (Pa. Super. Ct. 1987)( "The law is clear that punitive damages cannot be recovered merely for breach of contract.")

In this case, the sole remaining count alleges breach of contract.  The law in Pennsylvania is clear that punitive damages are not available for such an action.  Plaintiff's cursory arguments that Defendant's conduct was intentionally misleading and reckless are unavailing.  Accordingly, the Court dismisses the punitive damage claim from the Amended Complaint.

      **H.**       <u>**Whether Plaintiff's Claim for Equitable Relief Must Be Dismissed**</u>

      Finally, Defendant asks for dismissal of Plaintiff's request for injunctive and other equitable relief.  As noted above, Plaintiff's only remaining claim is for breach of contract.  A claim for breach of contract requesting only a sum of money is an action which sounds in law, not equity.  <u>Waiters and Waitresses Union, Local 301 v. Paine-Webber</u>, Civ. A. No. 89-1762, 1989 WL 133150, at *3 (E.D. Pa. Nov. 3, 1989).  As Plaintiff's response to the Motion to Dismiss offers no basis on which this request can stand, the Court dismisses it from the Amended Complaint.

**IV.  CONCLUSION**

      The Amended Complaint before the Court, while adequately stating a cause of action for breach of contract, fails to properly set forth any other viable claim.  Thus, the Court dismisses, pursuant to Rule 12(b)(6), all but Count I of the Amended Complaint.

      An order follows.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARMELLA JONES, Individually and on Behalf | : | |
| of All Others Similarly Situated, | : | |
| Plaintiffs, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| SELECT PORTFOLIO SERVICING, INC. | : | NO.  08-972 |
| Defendant. | : | |

**<u>ORDER</u>**

AND NOW, this *22nd* day of *April*, 2008, upon consideration of Defendant Select

Portfolio Servicing, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 3),

Plaintiff's Response thereto (Docket No. 8) and Defendant's Reply Brief (Docket No. 9), it is

hereby **ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**, as

follows:

1. Defendant's request for a more definite statement is **DENIED**;

2. Defendant's Motion to Dismiss is **DENIED** as to Count I of the Amended Complaint;

3. Defendant's Motion to Dismiss is **GRANTED** as to Counts II, III and IV and the requests for punitive damages and equitable relief.  These portions of the Amended Complaint are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

*s/ Ronald L. Buckwalter*

RONALD L. BUCKWALTER, S.J.